IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TAMMY JOHNSON,

    Plaintiff,

v.              CIVIL ACTION NO.   3:19-0856

JAMES B. NUTTER & COMPANY and
REVERSE MORTGAGE FUNDING LLC and
TERRA ABSTRACT TRUSTEE WEST VIRGINIA, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court are two motions: first, a "Motion for Judgment on the Pleadings to Dismiss Count Four of the Complaint" filed by Defendant James B. Nutter & Company ("Nutter"), *Nutter Mot.*, ECF No. 25, and second, a "Motion for Reasonable Opportunity to Present All Material Relevant" to Nutter's Motion filed by Plaintiff Tammy Johnson ("Ms. Johnson"), *Johnson Mot.*, ECF No. 27. The issues have been adequately briefed and both motions are ripe for review. For the reasons set forth below, the Court **GRANTS** Nutter's Motion and **DENIES** Johnson's Motion.

**I. BACKGROUND**

The facts and background of this case are more fully explained in the Court's February 5, 2020 Memorandum Opinion and Order disposing of several motions to dismiss, *see Johnson v. James B. Nutter & Co.*, No. 3:19-0856, 2020 WL 573284, at *1–3 (S.D.W. Va. Feb. 5, 2020), but a limited review of relevant information is warranted here as well. The thrust of Ms. Johnson's claims is that her deceased husband obtained a reverse mortgage on their home without her

knowledge in 2008. *Compl.*, ECF No. 1-2, at ¶¶ 1–11. After her husband's death, Ms. Johnson

continued living in their home and eventually came to learn of the reverse mortgage. *Id.* at ¶ 27.

Facing foreclosure, she applied to the Mortgagee Optional Election ("MOE") program that is

insured by the United States Department of Housing and Urban Development ("HUD") and is

designed to permit non-borrowing spouses to continue living in their residences until death. *Id.* at

¶ 23. Ms. Johnson alleges that Nutter was silent in response and "never approved, denied, or

requested additional information" regarding her application for the MOE program. *Id.* at ¶ 25.

Ms. Johnson initiated this action in the Circuit Court of Wayne County on October 21,

2019. *Id.* at 1. Her Complaint contains five counts, only one of which—Count Four—is relevant

here. *See id.* at ¶¶ 81–85. Count Four specifically alleges that Nutter violated the Equal Credit

Opportunity Act ("ECOA") and its implementing regulations by failing to respond to her MOE

application. *Id.* Defendants timely filed a Notice of Removal in this Court on December 4, 2019,

which they followed with three motions to dismiss several counts of Ms. Johnson's Complaint.

*See Notice of Removal*, ECF No. 1, at 1; *Mots. to Dismiss*, ECF Nos. 3, 6, 11.

The Court denied the motions on February 5, 2020, and Nutter followed with its Answer

on March 4, 2020. *See Johnson*, 2020 WL 573284; *Nutter Answer*, ECF No. 24. Nutter attached

four exhibits to its Answer: a copy of the Johnsons' marriage certificate, *Nutter Ex. A*, ECF No.

24-1, a July 13, 2015 letter from Nutter to Ms. Johnson advising her of the MOE program's

existence, *Nutter Ex. B*, ECF No. 24-2, an April 2, 2018 letter from Nutter to Ms. Johnson's counsel

advising her that she was ineligible for the MOE program, *Nutter Ex. C*, ECF No. 24-3, and a

March 23, 2018 letter from Ms. Johnson's counsel to Nutter requesting that she be permitted to

enroll in the MOE program, *Nutter Ex. D*, ECF No. 24-4. This third exhibit is of particular

importance to the instant motions, as it was written only six days after receiving Ms. Johnson's

-2-

MOE application. Apparently relying on the Johnsons' marriage certificate—which was issued on April 25, 2012 but provided that their marriage had occurred on May 27, 2007—Nutter concluded that the couple was not married when Mr. Johnson executed the reverse mortgage in 2008, thus rendering Ms. Johnson ineligible for the MOE program. *See Nutter Ex. A*, at 1; *Nutter Ex. C*, at 3.

Nutter filed the instant Motion for Judgment on the Pleadings along with its Answer, relying on its April 2, 2018 letter as evidence that it had complied with ECOA's thirty-day notice requirement. *See Nutter Mot.*, at 1; *Nutter Mem. of Law*, ECF No. 26, at 4–5. Ms. Johnson responded with her own motion, essentially requesting the Court to permit her to amend her Complaint to incorporate correspondence between her counsel and Nutter's prior counsel and to convert the motion for judgment on the pleadings to a motion for summary judgment. *Johnson Mot.*, at 4. Attached to her Motion is the set of emails she seeks to use to supplement her Complaint, in which Nutter's former counsel advises Ms. Johnson's counsel that Nutter had decided to postpone the foreclosure sale of the property "for a period of 90 days while they evaluate[d]" Ms. Johnson's claim. *Johnson Ex.*, ECF No. 27-1. It is with this background in mind that the Court turns to the legal framework that will shape its approach to both motions.

## II. LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The Court considers Rule 12(c) motions in much the same light as it does Rule 12(b)(6) motions, and recognizes that they "should only be granted if, 'accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" *Priority Auto Grp., Inc. v. Ford Motor Co.*, 757 F.3d 137, 139 (4th

Cir. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). Importantly

for this case, "documents attached to the Answer are part of the pleadings for Rule 12(c) purposes,

and may be considered without converting a motion for judgment on the pleadings into a motion

for summary judgment[] only if the documents are central to the Plaintiff's claim and the

authenticity is not challenged." *Mendenhall v. Hanesbrands, Inc.*, 856 F. Supp. 2d 717, 724

(M.D.N.C. 2012).

Conversely, where "matters outside the pleadings are presented to and not excluded by the

court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P.

12(d). "However, 'it is well-settled that it is within the district court's discretion whether to accept

extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary

judgment or to reject it and maintain the character of the motion as one under Rule 12(c).'" *Turner*

*v. Volkswagen Grp. of Am., Inc.*, No. 2:16-cv-06570, 2017 WL 3037803, at \*2 n.1 (S.D.W. Va.

July 18, 2017) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

*Procedure* § 1371 (3d ed. 2004)). If a Court does not rely on material outside the pleadings in

reaching its decision, it is unnecessary to convert a motion for judgment on the pleadings into a

motion for summary judgment.

As a final matter, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a

party may amend its pleading only with the opposing party's written consent or the court's leave,"

but that courts "should freely give leave when justice so requires." The Fourth Circuit Court of

Appeals interprets this language to mean that "a motion to amend should be denied only where it

would be prejudicial to the opposing party, there has been bad faith on the part of the moving party,

or the amendment would be futile." *Marfork Coal Co. v. Smith*, No. 5:10-cv-00069, 2011 WL

744727, at \*5 (S.D.W. Va. Feb. 23, 2011) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77

(4th Cir. 2001)). An amendment is futile if it cannot withstand a motion to dismiss. *Perkins v.*

*United States*, 55 F.3d 910, 917 (4th Cir. 1995) These standards will guide the review of both

motions the Court now undertakes.

### III. DISCUSSION

The Court begins its analysis with a review of Nutter's Motion, as its outcome dictates the

resolution of Ms. Johnson's Motion as well. To do so effectively, some context is helpful. In

considering Nutter's original Motion to Dismiss, the Court looked to ECOA's notice requirement

found at 15 U.S.C. § 1691(d)(1). Under Subsection 1691(d)(1), creditors must "notify the applicant

of its action on the application" within thirty days "after receipt of a completed application for

credit." As Ms. Johnson's MOE application was an application for credit, Nutter was obligated to

"provide notice of any action, whatever that action may be," within thirty days. *Ortega v. Wells*

*Fargo Bank, N.A.*, No. 3:11cv01734, 2012 WL 275055, at *4 (N.D. Ohio Jan. 31, 2012). The

Court's analysis followed easily enough from this point, as Ms. Johnson alleged that "Nutter never

approved, denied, or requested additional information on Plaintiff's application." *Compl.*, at ¶ 25.

This allegation—taken as true—was sufficient to state a claim against Nutter under ECOA.

Of course, the April 2, 2018 letter from Nutter to Ms. Johnson's counsel undercuts this

allegation entirely.[1] In pertinent part, the letter states:

> The Marriage Certification provide[d] by Ms. Johnson shows the date of her
> marriage to Archie Johnson took place on April 25, 2012. However, Mr. Johnson's
> loan closed on July 18, 2008, almost four years before the marriage. Because HUD
> guidelines explicitly state the Borrower and Non-Borrowing spouse had to be
> married a[t] loan origination, *the Company regrets to inform you that Ms. Johnson*
> *is not eligible for the MOE program*.

---

[1] The Court recognizes the possibility that counsel either disregarded or misunderstood
Nutter's letter, but the inclusion of Paragraph 25 in Ms. Johnson's Complaint—critical to the
resolution of Nutter's earlier Motion to Dismiss—reflects a lack of candor that has complicated
the resolution of this claim.

*Nutter Ex. C*, at 3 (emphasis added). Ms. Johnson's counsel concedes that he "received the letter dated April 2, 2018 on which Nutter's motion is premised," so there is no doubt as to its authenticity.[2] *Johnson Mot.*, at 2. There is similarly no doubt that the letter was timely, as it was mailed less than a week after receiving Ms. Johnson's application for credit. *See Nutter Ex. C*, at 2. It follows that Nutter complied with the plain terms of 15 U.S.C. § 1691(d)(1).

Any arguments to the contrary are unavailing. First, the fact that Nutter based its decision on an erroneous assumption—specifically, that the Johnsons had not been married in 2008—does not render their notice inadequate. As a matter of statutory interpretation, this is clear enough; Subsection 1691(d)(1) only requires creditors to notify applicants of their "action on the application" and does not mention any requirement for a statement of reasons. 15 U.S.C. § 1691(d)(1). This is in stark contrast to Subsection 1691(d)(2)–(3), which entitles an applicant to a specific, written statement of reasons for adverse actions.[3] *See id.* § 1691(d)(2)–3. Even if this were not the case, an applicant for credit is not entitled to notice that is accurate in every respect. *See, e.g.*, *Wigod v. PNC Bank, N.A.*, 338 F. Supp. 3d 758, 767 (N.D. Ill. 2018) ("Nothing in that provision indicates that the statement is inadequate if the reason given by the creditor turns out to be factually unfounded."). In fact, "a principal aim of the ECOA's notice requirement is that '[i]n those cases where the creditor may have acted on misinformation or inadequate information, the

---

[2] The Court notes that the notice was provided to counsel rather than Ms. Johnson herself in light of counsel's express request that all communications concerning her MOE application "be directed to me alone," and that "[n]o party is authorized to communicate with Mrs. Johnson directly in any fashion." *Nutter Ex. D*, at 1.

[3] As discussed at length in the Court's earlier opinion, Subsection 1691(d)(2) is inapplicable to this case. *Johnson*, 2020 WL 573284, at *9 (reasoning that "as the loan in question was in default at the time of Plaintiff's application for credit, Nutter was not required to provide notice of any adverse action under Subsection 1691(d)(2)").

statement of reasons gives the applicant a chance to rectify the mistake.'" *Id.* (quoting *Treadway v. Gateway Chevrolet Oldsmobile Inc.*, 362 F.3d 971, 977 (7th Cir. 2004)).

It is similarly fruitless to argue that Nutter may have offered to continue evaluating Ms. Johnson's application after providing its notice to her attorney. No case law—in this circuit or otherwise—suggests that ECOA places creditors under a continuing obligation to provide notice to an applicant after already having done so. Instead, it simply requires a creditor to "notify the applicant of its action on the application" within thirty days "after receipt of a completed application for credit." 15 U.S.C. § 1691(d)(1). Here, there are no allegations (let alone evidence) that Ms. Johnson submitted multiple complete applications for credit or that Nutter failed to respond to any of them.[4] It follows that Nutter met its notice obligation under ECOA, and judgment on the pleadings in its favor on Count Four of the Complaint is warranted.

Having resolved this question, discussion of Ms. Johnson's motion is necessarily quite brief. To the extent she seeks to amend her Complaint to supplement it with emails from Nutter's former counsel suggesting the MOE application was still under review, such an amendment would be futile. The exchange of emails Ms. Johnson relies on simply does not discount the fact that Nutter complied with ECOA's notice requirements in responding to Plaintiffs' application on April 2, 2018. Where a proposed amendment fails to state a claim—and thereby could not survive a motion to dismiss—leave to amend will not be granted. *Perkins*, 55 F.3d at 917. That is the case here, and so the Court will not grant leave to amend. Ms. Johnson's request that Nutter's Motion be converted into a motion for summary judgment will be denied for similar reasons—namely,

---

[4] That is, no allegations outside of Paragraph 25 of the Complaint—which, as demonstrated, is contravened by the notice provided in Nutter's April 2, 2018 letter.

that the Court need go no further than the pleadings and their attachments in order to render a

decision. Ms. Johnson's Motion will therefore be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Nutter's Motion for Judgment on the

Pleadings as to Count Four of the Complaint, ECF No. 25, and accordingly **DENIES** Ms.

Johnson's Motion, ECF No. 27.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to

counsel of record and any unrepresented parties.

ENTER:        May 4, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE